# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1820

_____

Marion Nolan Smith, individually and          *
as next friend and natural guardian;          *
Steven Norris Smith, individually and         *
as next friend and natural guardian;          *
Sean Patrick Smith, a minor child by          *
and through his natural parents,              *
                                              *
        Plaintiffs-Appellees,              *
                                              *
    v.                                        *
                                              *
Best Western New Tower Inn, also              *   Appeal from the United States
known as New Tower Hotel Courts,              *   District Court for the District of
Inc.;                                         *   Nebraska.
                                              *
        Defendant,                         *   [PUBLISHED]
                                              *
Best Western International, also              *
known as Best Western, Inc., a                *
Corporation;                                  *
                                              *
        Defendant-Appellant,               *
                                              *
Frank Blazek,                                 *
                                              *
        Defendant.                         *

_____

Submitted:  December 11, 2000

Filed:  January 29, 2001

_____

Before LOKEN, HEANEY, and FAGG, Circuit Judges.

_____

PER CURIAM.

Sean Patrick Smith, a minor, suffered brain atrophy after he nearly drowned in the swimming pool at the Best Western New Tower Inn (the Inn), an independently owned and operated affiliate of Best Western International (BWI). Smith's parents brought this diversity action against the Inn and BWI for negligence, breach of implied warranty, and negligent infliction of emotional distress. During the jury trial, the Inn and the Smiths entered into a high-low agreement. Following the close of all evidence, the district court directed a verdict in BWI's favor on claims that it was independently negligent, but the court submitted the case to the jury on the claim that the Inn was an agent of BWI. The jury found the Inn was negligent and, although there was no actual agency relationship between the Inn and BWI, the Inn was BWI's apparent agent. The jury awarded the Smiths $55,000 for future medical expenses, which the district court reduced to $49,500 to account for contributory negligence, and $6,910,373 in damages. The district court entered judgment against both BWI and the Inn for the full amount, and denied BWI's post-trial motions. Under the high-low agreement, the Inn paid the Smiths six million dollars.

On appeal, BWI argues it is entitled to judgment as a matter of law for two reasons. First, BWI contends the Smiths' agreement with the Inn extinguished liability and released the claims against BWI. Second, BWI asserts there was no apparent agency relationship between BWI and the Inn, and the Smiths did not reasonably rely on any apparent agency in deciding to stay there. The district court concluded that under Nebraska law, the agreement did not discharge BWI because the agreement expressly reserved the Smiths' right to proceed against BWI for collection of any verdict. As for apparent agency, the district court examined state law and concluded

there was sufficient evidence introduced at trial to submit the issue to the jury. Having carefully reviewed the record, we agree with the district court and affirm this diversity case for the reasons stated in the district court's memorandum and order. See 8th Cir. R. 47B.

Loken, Circuit Judge, dissenting.

No negligence by Best Western International contributed to Sean Smith's tragic accident in the New Tower Inn pool. BWI is vicariously liable to Smith and his parents only because the jury found that the Inn was negligent and that it acted as BWI's apparent agent. In my view, the finding of apparent agency was dubious, but it was within the jury's fact-finding prerogative.

During the trial of the Smiths' claims against the Inn and BWI, the Smiths settled with the Inn, agreeing to a "high-low" settlement pursuant to which they would receive not less than $4,000,000 nor more than $6,000,000 when final judgment was entered. The jury returned a verdict of over $6,900,000 in favor of the Smiths. BWI argued its vicarious liability was extinguished when the Smiths settled with its agent, the Inn. Construing NEB. REV. STAT. § 25-21,185.11, the district court held that BWI must pay the portion of the judgment that exceeds the Inn's $6,000,000 settlement because the settlement agreement expressly reserved "all claims against Best Western International for collection of any verdict." This court now summarily affirms that ruling. I conclude this decision disregards the plain language of the Nebraska statute. Accordingly, I respectfully dissent.

Under the common law of Nebraska, "settlement with the agent constitutes a settlement with the principal, no matter what the parties may have intended." McCurry v. School Dist. of Valley, 496 N.W.2d 433, 444 (Neb. 1993). McCurry was decided shortly after enactment of a 1992 Nebraska statute modifying common law principles

of contributory negligence and joint tortfeasor liability.  That statute included the provision here at issue:

> **25-21,185.11.  Civil actions to which contributory negligence is a defense; release, covenant not to sue, or similar agreement; effect.** (1) A release, covenant not to sue, or similar agreement entered into by a claimant and a person liable shall discharge that person from all liability to the claimant but shall not discharge any other persons liable upon the same claim unless it so provides.  The claim of the claimant against other persons shall be reduced by the amount of the released person's share of the obligation as determined by the trier of fact.

Because the cause of action in McCurry arose before the statute's effective date, see § 25-21,185.07, the court declined to consider "the impact, if any, of § 25-21,185.11" on the common law rule that a vicariously liable principal is released when the claimant settles with the primarily liable agent.  496 N.W.2d at 444.  This case presents that open question of Nebraska law.

The issue has arisen in many States that have modified by statute the common law principles of contributory negligence, contribution, and joint tortfeasor liability.  Most States have enacted some version of the Uniform Contribution Among Tortfeasors Act (UCATA).  See 12 U.L.A. 185 (1996).  Judicial decisions in those States are sharply divided on the question whether enactment of UCATA abrogated the common law rule that settlement with an agent releases a vicariously liable principal, even if the settlement agreement is silent or expresses a contrary intent.  Compare, e.g., Alvarez v. New Haven Register, Inc., 735 A.2d 306 (Conn. 1999), with Saranillio v. Silva, 889 P.2d 685 (Haw. 1995).

The Nebraska Legislature in 1992 elected not to enact a form of the UCATA.  Thus, the cases construing the relevant UCATA provisions are not much help in construing § 25-21,185.11(1).  The statute most analogous to Nebraska's appears to

be IOWA CODE § 668.7, which the Supreme Court of Iowa construed as *not* affecting the common law rule that settlement with an agent extinguishes the vicarious liability of a principal. See Biddle v. Sartori Mem'l Hosp., 518 N.W.2d 795, 798-99 (Iowa 1994). BWI relies heavily upon Biddle. But the Iowa and Nebraska statutes are not identical, so we cannot be sure how much weight the Supreme Court of Nebraska would give that decision by the highest court of a neighboring State.

The district court focused on the language in § 25-21,185.11(1) broadly and categorically declaring that a settlement with one party "shall not discharge any other person liable on the same claim unless it so provides." Because the Smiths' settlement agreement with the Inn "expressly reserved all their rights against BWI," the district court reasoned, "in light of § 25-21,185.11 the agreement did not discharge BWI." Even though this statute is couched in the language of contribution among joint tortfeasors, I will assume for the sake of argument that the Legislature intended it to apply to this case, where the vicariously liable principal, BWI, is entitled to indemnity from the primarily liable agent, the Inn. But even if the statute applies, and therefore BWI was not "discharged" as a result of the Smiths' settlement with the Inn, the district court -- and now this court -- ignore the immediately following sentence in § 25-21,185.11(1), which provides that settlement with one tortfeasor reduces the claimant's claims against other persons "by the amount of the released person's share of the obligation as determined by the trier of fact." In this case, the Inn's "share of the obligation" is 100% because its liability is primary. Thus, under § 25-21,185.11(1), the Smiths' release of the Inn as agent released 100% of their claim against BWI as principal, whether or not the ultimate verdict exceeded the $6,000,000 paid by the Inn in settlement, and whether or not the Smiths purported to reserve their claims against BWI in the settlement agreement.

For the foregoing reasons, I would reverse and remand with instructions to enter judgment in favor of BWI.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.